UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

RE:   MICHAEL TURNER and SAMANTHA TURNER        Case No. 4:15-bk-12436
                                                Chapter 13

SECURED CREDITOR FIRST SECURITY BANK'S
OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Comes now the Secured Creditor, First Security Bank (hereinafter referred to as "First Security"), by and through its attorneys, MILLAR JILES, LLP, and for its Objection to Confirmation of Chapter 13 Plan, states follows

1.   The Debtors filed their Chapter 13 Plan herein on May 19, 2015, and filed a Modification of Chapter 13 Plan on June 24, 2015. The Chapter 13 Plan and Modification of Chapter 13 Plan shall be hereinafter collectively referred to as the "Plan".

2.   First Security objects to the Plan.

3.   First Security is a secured creditor of Separate Debtor Michael S. Turner pursuant to the terms of a Consumer Loan Agreement–Closed End (hereinafter referred to as the "Note") made payable to First Security in the principal sum of Three Thousand One Hundred Fifty Four and 08/100 Dollars ($3,154.08). Pursuant to the terms of the Collateral/Security Agreement contained within the Note, and as security for the indebtedness evidenced by the Note, Michael S. Turner granted First Security a security interest in the following Collateral (hereinafter referred to as the "Collateral"):

   1978 FORD F100 VIN F26HCBG576

A 2011 PTJL Trailer was released as collateral from the Note. A true and correct copy of the Note and State of Arkansas Department of Finance and Administration Direct Lien filing

reflecting First Security's perfected security interest in the Collateral is attached hereto as Exhibit No. 1 and is incorporated herein by reference as if fully set out word for word.

4. In their Chapter 13 Plan, the Debtors fail to list First Security as a Secured Creditor and fail to provide for payment to First Security of its secured claim.

5. The Debtors do not account for the Collateral in the Plan, nor do they value the Collateral in the Plan.

6. Debtors should be required to pay First Security an adequate protection payment until a modified plan is confirmed.

7. This Court should enter an Order denying confirmation of the Debtors' proposed Chapter 13 Plan unless and until the Debtors propose a Chapter 13 Plan addressing the issues contained herein thereby recognizing First Security as a secured creditor and providing for payment of the Note through a modified Chapter 13 Plan.

**WHEREFORE,** based on the foregoing, First Security respectfully requests that this Court enter an Order:

A. dismissing Debtors' Chapter 13 Case, or, in the alternative, denying confirmation of Debtors' Chapter 13 Plan unless and until Debtors' Chapter 13 Plan is modified to address the issues identified herein;

B. awarding First Security its costs, including attorneys' fees, in bringing this Motion; and

C.   awarding First Security any and all other relief to which it may be entitled.

                Respectfully submitted,

                MILLAR JILES, LLP
                The Frauenthal Building
                904 Front Street
                Conway, Arkansas 72032
                (501) 329-1133
                gjiles@millarjileslaw.com

June 25, 2015                By: /s/ Gary D. Jiles
                     Gary D. Jiles (88-118)

                Attorneys for Secured Creditor,
                First Security Bank

## CERTIFICATE OF SERVICE

I, Gary D. Jiles, on this 25th of June, 2015, do hereby certify that a copy of the foregoing Objection to Confirmation of Plan has been served, via the CM/ECF system, on the following:

| | |
|---|---|
| Laura Grimes, Esq. | Joyce Bradley Babin, Esq. |
| KNOLLMEYER LAW OFFICE | Chapter 13 Standing Trustee |
| 2525 John Harden Drive | PO Box 8064 |
| Jacksonville, Arkansas 72076 | Little Rock, AR 72203-8064 |
| | ecfmail@13ark.com |

                /s/ Gary D. Jiles
                Gary D. Jiles

| CONSUMER LOAN AGREEMENT - CLOSED-END | | First Security Bank, Beebe Main Banking Center<br>1801 West Dewitt Henry Drive<br>P.O. Box 1060<br>Beebe, Arkansas 72012<br>(501)882-6411 | | |
|---|---|---|---|---|
| **LOAN NUMBER** | **TRANSACTION DATE** | **PRINCIPAL AMOUNT** | **MATURITY DATE** | **INTEREST RATE** |
| 211015550 | October 20, 2014 | $3,154.08 | February 19, 2017 | 7.290% |

**LOAN PURPOSE:** Medical Bills

**BORROWER INFORMATION**

MICHAEL S TURNER
104 KIRKWOOD RD
BEEBE, AR 72012-2058


DENISE THORNTON

**LOAN AGREEMENT.** This Consumer Loan Agreement will be referred to in this document as the "Agreement" or "Note" and includes any extensions, renewals, modifications, and substitutions of this Agreement.

**LENDER.** "Lender," "you" or "your" means First Security Bank, Beebe Main Banking Center whose address is 1801 West Dewitt Henry Drive, P.O. Box 1060, Beebe, Arkansas 72012, its successors and assigns.

**BORROWER.** "Borrower," "I," "my" or "me" means each person who signs this Note.

**PROMISE TO PAY.** I promise to pay, according with the terms below, on or before the Maturity Date, the principal amount of Three Thousand One Hundred Fifty-four and 08/100 Dollars ($3,154.08) and all interest on the outstanding principal balance and any other charges, including service charges. I shall pay such amounts to the order of Lender at its office at the address noted above or at such other place as Lender may designate in writing. I will make all payments in lawful money of the United States of America. I understand that the Lender may, at its option, transfer this Note.

### TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| The cost of my credit at a yearly rate is 10.207% | The dollar amount the credit will cost me is $384.23 | The amount of credit provided to me or on my behalf is $3,054.08 | The amount I will have paid after I have made all payments as scheduled is $3,438.31 |

**PAYMENT SCHEDULE.** This loan will be paid according to the following schedule: 27 consecutive payments of principal and interest in the amount of $125.00 beginning on November 19, 2014 and continuing on the same day of each month thereafter.

**BALLOON PAYMENT:** One final payment of $63.31 shall be due on February 19, 2017.

### INTEREST RATE AND PAYMENT SUMMARY

| | Rate & Monthly Payment |
|---|---|
| Interest Rate | 7.290% |
| Principal and Interest Payment | $125.00 |
| Estimated Taxes and Insurance (Escrow) | $0.00 |
| Total Estimated Monthly Payment | $125.00 |

**BALLOON PAYMENT.** Final Balloon Payment due February 19, 2017: $63.31

**NO GUARANTEE TO REFINANCE.** There is no guarantee that I will be able to refinance to lower my rate and payments.

| OTHER FEES | DOLLAR AMOUNT |
|---|---|
| Filing Fee | $ 1.00 |

**SECURITY.** A security interest in the following: motor vehicle.

EXHIBIT
1

**LATE PAYMENT CHARGE.** If any required payment is more than 10 days late, then at Lender's option, Lender will assess a late payment charge of 10.000% of the amount of the regularly scheduled payment then past due, subject to a maximum charge of $250.00 and a minimum charge of $20.00.

**PREPAYMENT.** If I pay off early, I will not have to pay a penalty. I will not be entitled to a refund of part of the finance charge.

**ADDITIONAL CONTRACT TERMS.** *See below for further information about nonpayment, default, the right to accelerate the maturity of the obligation, and prepayment rebates and penalties.*

**CREDIT LIFE AND CREDIT DISABILITY INSURANCE.** Credit Life and Credit Disability Insurance are not required to obtain credit and will not be provided unless I agree to pay the premiums and coverage costs by signing or initialing below. With respect to insurance: (1) this is only a request and application for insurance and the coverage may be denied; (2) if it is denied, the requesting party(ies) will be notified; and (3) the amount of coverage will be shown in the insurance policy and/or certificate. If I choose to obtain coverage or if it is required by law, the term of the coverage is shown below. If joint coverage, both applicants are to sign or initial.

| TYPE | PREMIUM AMOUNT | TERM | CHOICE | SIGNATURES/INITIALS |
|---|---|---|---|---|
| Credit Life Plateau | $53.08 | 28 months | I want Single Credit Life Insurance | |
| Credit Disability | N/A | N/A | I DO NOT want Credit Disability Insurance | |

**ITEMIZATION OF AMOUNT FINANCED.** The Itemization of Amount Financed is presented below as requested by me.

| DESCRIPTION | DOLLAR AMOUNT |
|---|---|
| Amounts Paid to Others on Borrower's Behalf (itemized below) | 154.08 |
| LOAN PROCESSING FEE FIRST SECURITY BANK | 100.00 |
| DIRECT LIEN FILING FEE ARKANSAS DEPARTMENT OF FINANCE AND ADMINISTRATION | 1.00 |
| Credit Life Insurance to Plateau | 53.08 |
| Amount Given Directly to Borrower | 3,000.00 |
| Amount Paid on Borrower's Accounts with Creditor | 0.00 |
| Prepaid Finance Charges (itemized below) | -100.00 |
| LOAN PROCESSING FEE FIRST SECURITY BANK | 100.00 |
| Total Amount Financed | $3,054.08 |

**THIRD PARTY PAYMENT ACKNOWLEDGMENT AND AGREEMENT.** I acknowledge and agree that some payments made to third parties as part of this transaction including, but not limited to, payments for insurance premiums for insurance purchased in connection with this transaction, may result in money being retained by Lender or paid to Lender in the form of commissions or other remuneration.

**PAYMENT SCHEDULE.** This loan will be paid according to the following schedule: 27 consecutive payments of principal and interest in the amount of $125.00 beginning on November 19, 2014 and continuing on the same day of each month thereafter. One final payment of $63.31 shall be due on February 19, 2017. All payments received by the Lender from the Borrower for application to this Note may be applied to the Borrower's obligations under this Note in such order as determined by the Lender.

**INTEREST RATE AND SCHEDULED PAYMENT CHANGES.** Interest will begin to accrue on the date of this Note. The interest rate on this Note will be fixed at 7.290% per annum.

Nothing contained herein shall be construed as to require the Borrower to pay interest at a greater rate than the maximum allowed by law. Interest on this Note is calculated on a Actual/360 day basis. The unpaid balance of this loan after Maturity, whether by acceleration or otherwise, shall be subject to a post-maturity rate of interest equal to 16.000% per annum.

**COLLATERAL/SECURITY AGREEMENT.** To secure the repayment of my loan, I hereby grant to Lender a security interest/lien in or upon the Collateral listed below:

- 1978 Ford E100 VIN F26HCBG6576.
- 2011 PJTL Trailer VIN 4P5C52027B2158862.

© 2004-2014 Compliance Systems, Inc. 45be5f0d-95a33be4 - 2013L2.2.795
Consumer Loan Agreement - Closed-End DL2081

Page 2 of 4

www.compliancesystems.com

CSi

The subject matter of such security interest or lien is called "Collateral" in this Note. I have given no other Collateral for my loan. Except for your security interest or lien, the Collateral is owned free and clear from any security interest, lien, or other adverse claim other than as now disclosed by me to you in writing. I will not allow any other security interest, lien, or adverse claim to attach to the Collateral.

I agree that I will fully cooperate with you in placing and maintaining your security interest or lien in the Collateral. I authorize you to file a conforming Financing Statement or other similar document to perfect your security interest in the Collateral. I agree that I will execute any documents necessary for you to perfect your security interest or lien, and grant you a power of attorney to file or execute any document on my behalf that is necessary to obtain or maintain your security interest in the Collateral.

I will not move the Collateral from the state where it is now located for any extended period without your written consent. I will notify you at once if the Collateral is to be moved from my address shown above or at such other address where I have informed you that the Collateral is located. You may examine and inspect the Collateral at any time.

I will not sell or otherwise transfer ownership of the Collateral. I will not use the Collateral for any unlawful purpose. I will keep the Collateral in good repair.

The Collateral I am giving you a security interest in or a lien on will also secure all future debt that shows me giving you a security interest in "personal property securing other loans with Lender" within the Truth-in-Lending disclosure of any future loan agreement. Such a future disclosure will also reflect any exclusions from its scope, for example, "excluding household goods and my principal dwelling."

I promise to pay any taxes or assessments on the Collateral as they come due. If I fail to pay them, you may pay them at your option to protect your interest and I agree to pay you for your expense. If I fail to pay you, and if permitted by law, you may add the protective advance to the balance owing under this Note. You may increase the amount of my regular payment in order to amortize the added advance(s) by the time my final payment is due or, alternatively, I will end up having a larger final payment.

**LATE PAYMENT CHARGE.** If any required payment is more than 10 days late, then at Lender's option, Lender will assess a late payment charge of 10.000% of the amount of the regularly scheduled payment then past due, subject to a maximum charge of $250.00 and a minimum charge of $20.00.

**PREPAYMENT PENALTY.** This Note may be prepaid, in full or in part, at any time, without penalty.

**PROPERTY INSURANCE.** I will insure the Collateral through a company of my choice subject to your reasonable approval. You will be named as loss payee or, at your request mortgagee, for your protection. This insurance will protect the Collateral against loss by theft, fire and collision, perils within the term "comprehensive" to the extent applicable, and as otherwise required by you. It will also provide "all risks" Hull insurance as to any Collateral which is an aircraft or boat and related accessories when applicable. I will deliver satisfactory evidence of such insurance to you.

If I fail to insure the Collateral, you may do so at your option to protect your interest, and you may include any other coverage you feel appropriate, and I agree to pay you for any premiums. If I fail to pay you, and if permitted by law, you may add the protective advance to the balance owing under this Note. You may increase the amount of my regular payment in order to amortize the added insurance premiums by the time my final payment is due or, alternatively, I will end up having a larger final payment.

**APPLICATION OF PAYMENTS.** You may apply my payments to amounts owing in whatever order you choose unless a specific order is required by law.

**SETOFF.** To the extent permitted by law, I give you the right to setoff any of my money or property which may be in your possession against any amount owing under this Note. This right of setoff does not extend to any IRA, Keogh accounts or similar tax deferred deposit accounts that I may have with you. You will not be liable for the dishonor of any check when the dishonor occurs because you setoff a debt against my account. I agree to hold you harmless from any claim arising as a result of you exercising your right to setoff.

**OTHER PROMISES.** Reference is made to any related mortgage, trust deed, assignment, security agreement, pledge, or similar document for other promises which I make to you and terms and conditions governing my loan.

**DEFAULT.** I will be in default, and you may declare the entire unpaid balance of this loan immediately due and payable if: (a) I do not keep any promise or perform any obligation under this Note or any other contract or note that I may have with you; or (b) I give you false or misleading information in order to obtain, or while I owe on, this loan; or (c) I should die or become involved in any bankruptcy, receivership, insolvency or custodial proceedings brought by or against me; or (d) I should have a judgement or tax lien filed against me or any attachment or garnishment should be issued against any of my property or rights, specifically including anyone starting or proceeding to seize any funds that I may have on deposit with you; or (e) you, in good faith, reasonably believe my ability to repay the indebtedness owed under this Note is or soon will be impaired; or (f) you deem yourself insecure with respect to the Collateral for this Note.

**REMEDIES ON DEFAULT.** Upon the occurrence of an event of default, all obligations of the Lender hereunder will automatically terminate, and the Note and all other indebtedness will become immediately due and payable, without notice or demand; and the Lender shall be entitled to exercise all rights and remedies available to it under this Note, all security instruments securing this Note and applicable law, through judicial action or otherwise, including: (i) commencing one or more actions against the Borrower and reducing the claims of the Lender to judgment; and (ii) foreclosing, realizing upon or otherwise enforcing the Lender's rights in the Collateral. In the event Lender elects to selectively and successively enforce its rights under this Agreement or any one or more of the security instruments, or against any portion of the Collateral, such action shall not be deemed a waiver or discharge of any other right or lien until such time as the Note and all other indebtedness shall be paid in full. Regardless of the adequacy of any other collateral held by the Lender, any deposits or other sums credited by or due from the Lender to Borrower, or any Guarantor, shall at all times constitute collateral security for this Note, and may be set off against the Note and any other

indebtedness. The rights granted by the foregoing sentence shall be in addition to the rights of the Lender under any statutory banker's lien or the common law right of set-off.

**ASSIGNABILITY.** You may assign, pledge or transfer this Agreement or any of its rights and remedies without notice, with all or any of the obligations. The assignee shall have the same rights and remedies as if named herein in place of you. I may not assign this Agreement or any benefit accruing hereunder without your express written consent.

**GENERAL WAIVERS.** To the extent permitted by law, I severally waive any required notice of presentment, demand, acceleration, intent to accelerate, protest and any other notice and defense due to extensions of time or other indulgence by Lender or to any substitution or release of collateral. No failure or delay on the part of Lender, and no course of dealing between Borrower and Lender, shall operate as a waiver of such power or right, nor shall any single or partial exercise of any power or right preclude other or further exercise thereof or the exercise of any other power or right.

**JOINT AND SEVERAL LIABILITY.** If permitted by law, each Borrower executing this Note is jointly and individually obligated to pay all amounts owed according to the terms and conditions of the Agreement.

**SEVERABILITY.** If a court of competent jurisdiction determines any term or provision of this Agreement is invalid or prohibited by applicable law, that term or provision will be ineffective to the extent required. Any term or provision that has been determined to be invalid or prohibited will be severed from the rest of this Agreement without invalidating the remainder of either the affected provision or this Agreement.

**HEADINGS.** The headings preceding text in this Note are for my general convenience in identifying subject matter, but have no limiting impact on the text which follows any particular heading.

**ATTORNEYS' FEES AND OTHER COSTS.** If legal proceedings are instituted to enforce the terms of this Note, I agree to pay all costs of the Lender in connection therewith, including reasonable attorneys' fees, to the extent permitted by law.

**GOVERNING LAW.** I understand and agree that this Note will be governed by the laws of the State of Arkansas except to the extent that federal law controls.

**ORAL AGREEMENTS DISCLAIMER.** This Note represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral or written agreements of the parties. There are no unwritten oral agreements between the parties.

**ADDITIONAL PROVISIONS.**
**WAIVER OF JURY TRIAL. ALL PARTIES TO THIS AGREEMENT HEREBY KNOWINGLY, VOLUNTARILY AND IRREVOCABLY WAIVE, TO THE FULLEST EXTENT PERMITTED BY LAW, ANY RIGHT TO TRIAL BY JURY OF ANY DISPUTE, ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS, WHETHER IN CONTRACT, TORT OR OTHERWISE, ARISING OUT OF, IN CONNECTION WITH, RELATED TO, OR INCIDENTAL TO THE RELATIONSHIP ESTABLISHED BETWEEN THEM IN THIS AGREEMENT OR ANY OTHER INSTRUMENT, DOCUMENT OR AGREEMENT EXECUTED OR DELIVERED, OR WHICH MAY BE EXECUTED AND DELIVERED IN THE FUTURE, IN CONNECTION WITH THIS AGREEMENT OR THE RELATED TRANSACTIONS BETWEEN THE PARTIES. THIS PROVISION IS A MATERIAL INDUCEMENT TO LENDER TO MAKE THE LOAN EVIDENCED BY THIS AGREEMENT.**

**TIME OF ESSENCE.** Time is of the essence with respect to all obligations to be performed by Borrower under this Note.

By signing this Note on the date shown below, I acknowledge reading, understanding, and agreeing to all its provisions, and receiving a completely filled in copy of this Note.

_____  OCT 2 1 2014
MICHAEL S TURNER                  Date

**LENDER:** First Security Bank, Beebe Main Banking Center

By: Clay J Goff _____ Date  OCT 2 1 2014
Its: President

 **State of Arkansas Department of Finance and Administration**

 **Office of Motor Vehicle Records and Information Unit**
1900 West 7th Street, Room 1100
Post Office Box 1272
Little Rock, AR 72203-1272
Phone: (501) 682-4692
Fax: (501) 682-4756
www.dfa.arkansas.gov

**Direct Lien Receipt**

November 21, 2014
**Letter Id:** L1397726592

| VIN | YEAR | MAKE | MODEL | BODY |
|---|---|---|---|---|
| F26HCBG6576 | 1978 | FORD | PK | PK |

**LienHolder(s)**
FIRST SECURITY BANK
PO BOX 1060
BEEBE AR 72012-1060

| | |
|---|---|
| Filing Number | 997033352 |
| Lien Contract Date | 20-Oct-2014 |
| Lien Filed Date | 21-Nov-2014 |
| Lien Payoff Date | 19-Feb-2017 |
| Lien Filing Fee | $1.00 |

**Owner(s)**
TURNER, MICHAEL S
104 KIRKWOOD RD
BEEBE AR 72012-2058

ln # 211015550
amt 3,154.08
cjg

**Office Information**
Susan McConnaughhay
7303- Beebe
206 W CENTER ST
BEEBE
501 - 8826777